**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| JACK E. EDWARDS | CIVIL ACTION NO. 09-95-P |
| VERSUS | JUDGE STAGG |
| WARDEN BATSON | MAGISTRATE HORNSBY |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Jack E. Edwards ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on January 15, 2009. Petitioner is incarcerated in the Forcht Wade Correctional Center in Keithville, Louisiana. He challenges his state court conviction and sentence. He names Warden Batson as respondent.

On June 17, 2004, Petitioner was convicted of DWI - Fourth Offense in Louisiana's First Judicial District Court, Parish of Caddo. On June 24, 2004, he was sentenced to 10 years imprisonment at hard labor. The trial judge ordered the first three years to be served without benefit of parole, probation or suspension of sentence. The trial judge ordered the sentence to run consecutively to any other sentence.

In support of this petition, Petitioner alleges (1) the evidence was insufficient to support his conviction and (2) the police ignored his request to speak with his attorney during his initial interview.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on June 17, 2004 and sentenced on June 24, 2004. Petitioner did not seek direct review of his conviction and sentence. Thus, Petitioner's convictions and sentences became final on July 24, 2004. See La. C.Cr.P. art. 914.

The federal petition currently before the court was received and filed in this court on January 15, 2009 and signed by Petitioner on January 13, 2009. Since the federal clock began ticking on July 24, 2004 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before July 24, 2005. This petition was not filed until January 2009 at the earliest, more than three years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner filed an application for post-conviction relief in the Louisiana First Judicial District Court on December 8, 2005. This application was signed by Petitioner on November 15, 2005. These proceedings continued until the Supreme Court

of Louisiana denied writs on January 25, 2008. State v. Edwards, NO: 2007-KP-741. To toll the federal limitation period, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not sign his state post-conviction application until November 2005, which was after the limitation period had already expired in July 2005.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall

bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED, in chambers, in Shreveport, Louisiana, this 30th day of March 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE